IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| GABRIEL M. ROBLES,           )<br>                                               )<br>             Plaintiff,           )<br>                                               )<br>vs.                                       )<br>                                               )<br>AMARR GARAGE DOORS, et al., )<br>                                               )<br>             Defendants.        )<br>_____) | Case No. 11-2707-JAR |

## MEMORANDUM AND ORDER

This employment discrimination suit is before the Court on Plaintiff Gabriel M. Robles' Motion for Review (Doc. 13) of Magistrate Judge Waxse's Order denying appointment of counsel.[1]  Judge Waxse explained in his decision that there is no constitutional right to appointed counsel in civil cases and, after considering the applicable standards, determined that appointment of counsel was not appropriate in this case at that time.

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order.  With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[2]  "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it on the entire evidence is left with

---

[1]Doc. 8.

[2]*First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

the definite and firm conviction that a mistake has been committed.'"[3]

Judge Waxse properly considered the relevant factors applicable in determining whether counsel should be appointed in a civil case and found that there was no compelling basis to appoint counsel at that time, and denied the motion for appointment of counsel without prejudice, allowing Plaintiff to submit a renewed motion after the time has expired for the parties to file any dispositive motions.  The Court cannot find that Judge Waxse's Order denying appointment of counsel in this matter is clearly erroneous or contrary to the law.

There are several pending motions to dismiss filed by the defendants in this case and Plaintiff has filed several motions for default judgment that are also pending.  Discovery has been stayed in this case, pending a ruling on the motions to dismiss.[4]  The Court agrees with Judge Waxse's ruling that Plaintiff's motion to appoint counsel shall be denied without prejudice, allowing Plaintiff to submit a renewed motion after the time has expired for the parties to file any dispositive motions.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Request for Review (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

Dated: <u>May 1, 2012</u>

                                                      S/ Julie A. Robinson
                                                    JULIE A. ROBINSON
                                                    UNITED STATES DISTRICT JUDGE

---

[3] *McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464) (internal quotation marks omitted).

[4] Doc. 45.