## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **GABRIEL M. ROBLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 11-2707-JAR** |
| | ) | |
| **AMARR GARAGE DOORS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motions for Default Judgment against Defendants Amarr Garage Doors, State of Kansas, and City of Lawrence (Doc. 19), and against Defendant United States Attorney General (Doc. 39 and Doc. 47). The basis for the motions is not entirely clear, but it appears as though Plaintiff is arguing that he is entitled to default judgments based on his allegation that the Defendants have failed to answer his complaint in a timely manner.[1] The matters are fully briefed and the Court will address Plaintiff's argument as to each defendant.

Default judgments are governed by Fed. R. Civ. P. 55. Rule 55(a) provides for entering a default, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Plaintiff did not submit an affidavit with any of his motions.

Plaintiff filed his *pro se* Complaint on December 27, 2011. Fed. R. Civ. P. 12 provides that a defendant must file an answer "within 21 days after being served with the summons and

_____

[1]*See* Doc. 19 at 1; Doc. 39 at 1.

complaint."[2]  In lieu of an answer, however, a defendant may file a motion to dismiss under Rule 12(b).  Under Rule 12(a)(4), if a Rule 12(b) motion is filed, then the answer date is altered. In that case, a defendant's answer becomes due 14 days after notice of the court's denial of the motion or the court's postponement of disposition of the motion until trial.[3]

    1.       State of Kansas

Plaintiff served the State of Kansas with a summons and copy of the complaint on January 9, 2012, thereby setting January 30, 2012, as the due date for the State's answer.[4] Counsel for the State of Kansas entered an appearance on January 24, 2012, and on that same date, received a Clerk's Order Extending the Time to Answer or Otherwise Plead.[5]  The Clerk's Order extended the State's time to respond until February 13, 2012, and the order was served upon the *pro se* Plaintiff by U.S. mail.[6]  The State timely filed its Motion to Dismiss on February 10, 2012, so an answer is not due until 14 days after the Court denies the motion or postpones its disposition until the trial of the case.[7]  The motion to dismiss is still pending.

    2.       City of Lawrence

Plaintiff served the City of Lawrence with a summons and copy of the complaint on January 9, 2012, thereby setting January 30, 2012, as the due date for the City's answer.[8]  In lieu

---

[2]Fed. R. Civ. P. 12(a)(1)(A)(i).

[3]Fed. R. Civ. P. 12(a)(4)(A).

[4]Doc. 7.

[5]Docs. 11, 12.

[6]Doc. 12.

[7]Doc. 20.

[8]Doc. 6.

of an answer, the City filed a Rule 12(b) motion to dismiss on January 27, 2012, before an answer was due.  Because it filed a timely Rule 12(b) motion, the City's answer is not due until 14 days after the Court denies the motion or postpones its disposition until the trial of the case. The motion to dismiss is still pending.

3.      Amarr Garage Doors

Plaintiff served Amarr Garage Doors with a summons and copy of the complaint on January 9, 2012, thereby setting January 30, 2012, as the due date for Amarr's answer.[9]  On January 25, 2012, the Clerk of the Court entered a Clerk's Order Extending the Time for Amarr to answer or otherwise plead, giving Amarr until February 13, 2012 to answer or otherwise plead.[10]  The Clerk's order was served upon the *pro se* Plaintiff by U.S. mail.[11]  On February 13, 2012, Amarr filed a Motion to Dismiss, so an answer is not due until 14 days after the Court denies the motion or postpones its disposition until the trial of the case.[12]  The motion to dismiss is still pending.

4.      United States Attorney General ("USAG")

Defendant USAG was not properly served until the United States Attorney's Office in Kansas City, Kansas, was served on March 14, 2012.[13]  Under Rule 12, the United States has 60 days after service on the United States Attorney to file its answer or other responsive pleading

---

[9]Doc. 9.

[10]Doc. 15.

[11]*Id.*

[12]Doc. 27.

[13]*See* Fed. R. Civ. P. 4(i).

with the Court.[14]  Thus, the deadline for a responsive pleading was May 14, 2012.  Defendant

USAG requested and was granted a Clerk's Extension of 14 days, giving Defendant USAG until

May 29, 2012, to file a responsive pleading.[15]  Although it appears as though the Clerk's order

extending the deadline was not mailed to Plaintiff by U.S. mail, nevertheless, Defendant USAG

filed a motion to dismiss pursuant to Rule 12(b)(1) or 12(b)(6) on March 26, 2012, which was

well within the original deadline for a responsive pleading.[16]  Therefore, an answer is not due

until 14 days after the Court denies the motion or postpones its disposition until the trial of the

case. The motion to dismiss is still pending.

   The Court finds that all of the defendants have filed their responsive pleadings within the

deadlines set forth in the Federal Rules of Civil Procedure.  Therefore, Plaintiff's motions for

default judgment must be denied.

   **IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Default

Judgment against Defendants Amarr Garage Doors, State of Kansas, and City of Lawrence (Doc.

19) is **DENIED**.

   **IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motions for Default

Judgment against Defendant United States Attorney General (Doc. 39 and Doc. 47) are

**DENIED**.

   **IT IS SO ORDERED.**

Dated: May 3, 2012

                                        S/ Julie A. Robinson

---

[14]Fed. R. Civ. P. 12(a)(2).

[15]Doc. 38.

[16]Doc. 42.

4

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE