## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **GABRIEL M. ROBLES**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-2707-JAR-DJW |
| | ) | |
| **AMARR GARAGE DOORS, et al.**, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff Gabriel M. Robles, proceeding *pro se* and *in forma pauperis*, filed an

employment discrimination complaint against Defendants Amarr Garage Doors ("Amarr"),

United States Attorney General Eric Holder, State of Kansas, and City of Lawrence, Kansas,

based on four claims: (1) Title VII of the Civil Right Act of 1964 ("Title VII"), (2) the Age

Discrimination in Employment Act of 1967 ("ADEA"), (3) the Americans with Disabilities Act

of 1990 ("ADA"), and (4) Defendants' conspiracy "'under color of law' to violate Plaintiff's

rights."

This matter is currently before the Court on several motions: Defendant City of

Lawrence's Motion to Dismiss Separate Defendant City of Lawrence, Kansas (Doc. 16),

Defendant State of Kansas's Motion to Dismiss (Doc. 20), Defendant Amarr's Partial Motion to

Dismiss (Doc. 27), Defendant Holder's Dispositive Motion Seeking Dismissal of All Claims

Against Him (Doc. 42), and Plaintiff's Notice of Motion and Motion for Summary Judgment

(Doc. 54).  The motions are fully briefed, and the Court is prepared to rule.  As explained more

fully below, the Court grants each of Defendants' motions and denies Plaintiff's motion.

Additionally, the Court *sua sponte* dismisses Plaintiff's ADA claim against Defendant Amarr for

lack of subject matter jurisdiction and allows Plaintiff leave to amend his Title VII and ADEA claims against Defendant Amarr because Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## I.    Plaintiff's Motion for Summary Judgment

The Court will first address Plaintiff's "Notice of Motion and Motion for Summary Judgment."  Plaintiff proceeds *pro se*, and so his pleadings are to be construed liberally and not held to the standard applied to an attorney's pleadings.[1]  If a *pro se* plaintiff's motion can be reasonably read to state a valid claim on which he could prevail, a court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[2]  It is not, however, "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[3] For that reason, the court shall not supply additional factual allegations to round out a plaintiff's claims or construct a legal theory on his behalf.[4]

While titled a motion for summary judgment, the Court finds that Plaintiff seeks reconsideration of the Court's Memorandum and Order issued on May 3, 2012 that denied Plaintiff's motion for default judgment.  In Plaintiff's instant motion, Plaintiff states the following: "The Plaintiff files this Motion for <u>Summary Judgment </u>giving the Court the benefit of the doubt that the rulings issued with regard to Plaintiff's previous Motions for Default against the defendant's [sic] were <u>based on incomplete and unknown facts </u>of the case due to the

---

[1]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]*Id.*

[3]*Id.*

[4]*See Whitney v. State of New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

voluminous pleadings of both the Plaintiff and the defendants."  Plaintiff further discusses the Court's May 3, 2012 Memorandum and Order and argues that "a ruling in favor of the Plaintiff was lawfully in order."  Plaintiff goes on to rehash the arguments he presented to the Court when briefing his motion for default judgment.  Considering the substance of Plaintiff's instant motion, the Court construes it as a motion for reconsideration of the Court's May 3, 2012 Memorandum and Order.

A party seeking reconsideration of a non-dispositive order must show that the motion is based on "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[5]  Plaintiff has not made any of the required showings.  Plaintiff does not argue that there has been any change in the controlling law.  Nor has Plaintiff shown the availability of new evidence.  Although he argues that the Court's Memorandum and Order was based on incomplete and unknown facts, Plaintiff has not brought forth any facts or evidence not before the Court when it decided to deny Plaintiff's motion for default judgment.  In fact, Plaintiff merely argues that based on the evidence before the Court, the Court should have granted Plaintiff's motion for default judgment.  To the extent Plaintiff asks the Court to reconsider based on the need to correct clear error or prevent manifest injustice, Plaintiff has similarly failed to meet his burden.  The Court has reviewed the parties' briefs and has determined that its earlier ruling is correct and that there is no need to correct clear error or prevent manifest injustice.  Thus, the Court denies Plaintiff's motion for reconsideration.

_____

[5]D. Kan. R. 7.3.

3

## II.      Lack of Subject Matter Jurisdiction

The Court next considers Defendants' motions to dismiss for lack of subject matter jurisdiction.  Defendants Holder, State of Kansas, and City of Lawrence move to dismiss Plaintiff's Title VII, ADEA, and ADA claims for failure to exhaust administrative remedies.  These three Defendants argue that because Plaintiff failed to exhaust administrative remedies for his Title VII, ADEA, and ADA claims against them, the Court lacks subject matter jurisdiction over those claims.  Defendants Holder and State of Kansas also move to dismiss for lack of subject matter jurisdiction for Plaintiff's last claim—conspiracy under color of law to violate Plaintiff's right—based on sovereign immunity.

### A.      Legal Standard

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[6]  A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.[7] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[8]  "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[9]  Mere conclusory allegations of jurisdiction are not enough.[10]

---

[6]*Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent.  They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[7]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[8]*Montoya*, 296 F.3d at 955.

[9]*Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[10]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack.  "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[11]  "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[12]

### B.     Administrative and Procedural History

Plaintiff filed two charges of discrimination with the EEOC.  In Plaintiff's first charge, filed on November 30, 2010, Plaintiff lists Defendant Amarr as "the Employer, Labor organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency" that discriminated against him.  Defendant does not list any other Defendants in the charge.  Plaintiff then checked the boxes indicating that the discrimination was based on race, color, religion, national origin, retaliation, and age.  In the narrative portion of the charge, Plaintiff explained that he had been subjected to discrimination based on age in violation of the ADEA and based on race, national origin, color, and religion in violation of Title VII.  Plaintiff also included examples of specific conduct of his employer, which he believed demonstrated

---

[11]*Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

[12]*Holt*, 46 F.3d at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

5

discrimination.

In his second EEOC charge, filed March 28, 2011, Plaintiff again named Defendant Amarr and checked the boxes indicating discrimination based on race, color, religion, national origin, retaliation, and age.  In the narrative portion, Plaintiff explained that after filing his November 3, 2010 charge, he was terminated on March 21, 2011.  Plaintiff stated that he was discharged on the basis of his age in violation of the ADEA and his race, national origin, color, and religion in violation of Title VII.  He further explained that he believed he had been discharged in retaliation for his early complaints of ADEA and Title VII discrimination.

The EEOC mailed Plaintiff a right to sue notice on September 29, 2011.  The letter only named Defendant Amarr.  Plaintiff filed his Complaint with this Court on December 27, 2011, asserting discrimination against Defendants Amarr, Holder, State of Kansas, and City of Lawrence asserting violations of Title VII, the ADEA, and the ADA and claiming Defendants conspired under the color of law to violate his rights.

### C.    Failure to Exhaust Administrative Remedies

### 1.    Title VII Claim

Plaintiff brought his first claim under Title VII.  Title VII makes it unlawful for any employer to discriminate against its employees on the basis of race, color, national origin, or religion or to retaliate against a person for filing a charge of discrimination.[13]  Before a person can file a discrimination or retaliation lawsuit against an employer under Title VII, the person must exhaust the administrative remedies.[14]  To exhaust administrative remedies, the person

---

[13]42 U.S.C. § 2000e-2 to 3.

[14]*Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

6

must file a charge of discrimination with either the EEOC or an authorized local agency such as the KHRC and receive a right to sue letter based on that charge.[15]  The charge must identify the type of discrimination complained of, the alleged harasser, and an approximate time period to be minimally sufficient to satisfy the requirements for the content of the charge and the purposes of the notice requirement.[16]  The requirement that a Title VII claimant exhaust administrative remedies serves the purpose of 'giv[ing] the agency the information it needs to investigate and resolve the dispute between the employee and the employer.'"[17]  Once these steps have been completed and the EEOC issues a right to sue notice, the person can then file a lawsuit based on the conduct described in the charge.[18]

The Court, however, lacks subject matter jurisdiction over Title VII claims that are not part of the EEOC charge because the exhaustion of administrative remedies is a jurisdictional prerequisite to the filing of a lawsuit under Title VII.[19]  Generally, unless a party is named in the charge of discrimination, a court has no subject matter jurisdiction over the claim against that party.[20]  Naming a party in the EEOC charge "is a fundamental aspect of the administrative process because a party cannot participate in conciliation without notice."[21]  A court can only

---

[15]*Rader v. U.S.D. 259 Wichita Pub. Sch.*, No. 10-4118-KHV, 2011 WL 6934267, at *3 (D. Kan. Dec. 30, 2011).

[16]*Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998) (citing 42 U.S.C. § 2000e-5).

[17]*Khader v. Aspin*, 1 F.3d 968, 970–71 (10th Cir. 1993) (quoting *Wade v. Sec'y of Army*, 796 F.2d 1369, 1377 (11th Cir. 1986)).

[18]*Rader*, 2011 WL 6934267, at *3.

[19]*Johnson v. Orr*, 747 F.2d 1352, 1356 (10th Cir. 1984).

[20]*Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980).

[21]*Lohf v. Runyon*, 999 F. Supp. 1430, 1442 (D. Kan. 1998).

consider a claim against an unnamed party administratively exhausted in limited circumstances.[22]
Four factors are pertinent to an evaluation of the failure to name a party in an EEOC charge:

> "1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceeding; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party."[23]

Here, Plaintiff received a right to sue notice that named Defendant Amarr, but Defendants Holder, State of Kansas, and City of Lawrence were not named in the right to sue notice or in either of Plaintiff's EEOC charges. Plaintiff did not mention these three Defendants anywhere in the narrative portion of the charges, nor can the Court find any description in the EEOC charges that could be construed to relate to these Defendants. Defendants Holder, State of Kansas, and City of Lawrence had no notice of the EEOC charges and did not have the opportunity to participate in the conciliation. The Court does not find that their interests were aligned with those of Defendant Amarr, whom Plaintiff named in the EEOC charges, and the Court sees no reason why Plaintiff could not have ascertained these unnamed parties at the time he filed the EEOC charge. Thus, the Court finds that Plaintiff failed to exhaust administrative remedies for his Title VII claim against Defendants Holder, State of Kansas, and City of Lawrence by failing to name them in the EEOC charges. As a result, the Court has no jurisdiction over the Title VII claims against Defendants Holder, State of Kansas, and City of

---

[22]*Romero*, 615 F.2d at 1311–12.

[23]*Id.* at 1312 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)).

Lawrence and dismisses those claims for lack of subject matter jurisdiction.

### 2.    ADEA Claim

Plaintiff brings his second claim of employment discrimination under the ADEA.  The ADEA makes it unlawful for an employer to discriminate against an employee on the basis of age or to retaliate against a person for filing a charge of age discrimination.[24]  Like Title VII, the ADEA requires a party to exhaust administrative remedies before bringing a lawsuit in federal court by filing a charge against a defendant.[25]  A court has no subject matter jurisdiction over an ADEA claim unless the Plaintiff takes those necessary steps.[26]

Here, Plaintiff filed two charges with the EEOC alleging violations of the ADEA for discrimination and retaliation, but as discussed above, he did not name Defendants Holder, State of Kansas, and City of Lawrence in the charges or otherwise indicate in the charges that they had any involvement with the alleged discrimination and retaliation.  After considering the same factors listed above, the Court finds that Plaintiff failed to exhaust administrative remedies for his ADEA claim against Defendants Holder, State of Kansas, and City of Lawrence by failing to name them in the EEOC charges.  As a result, the Court dismisses Plaintiff's ADEA claims against Defendants Holder, State of Kansas, and City of Lawrence for lack of subject matter jurisdiction.

### 3.    ADA Claim

Plaintiff bring his third claim of employment discrimination under the ADA.  The ADA

---

[24]29 U.S.C. § 623(a), (d).

[25]*Almond v. Unified Sch. Dist. No 501*, 749 F. Supp. 2dd 1196, 1203 (D. Kan. 2010).

[26]*Id.*

makes it unlawful for an employer to discrimination "against a qualified individual with a disability" because of the disability.[27]  Again, exhausting administrative remedies is a jurisdiction prerequisite to an ADA lawsuit.[28]  The Court thus dismisses the ADA claim against Defendants Holder, State of Kansas, and City of Lawrence for the same reason it dismisses the Title VII and ADEA claims.  By failing to name Defendants Holder, State of Kansas, and City of Lawrence or otherwise indicate their involvement in EEOC charge, Plaintiff failed to exhaust his administrative remedies and therefore the Court dismisses the ADA claims against Defendants Holder, State of Kansas, and City of Lawrence for lack of subject matter jurisdiction.

The Court also finds that it lacks subject matter jurisdiction for failure to exhaust administrative remedies over Plaintiff's ADA claim against Defendant Amarr.  Both of Plaintiff's EEOC charges specifically name Defendant Amarr as the employer that discriminated against him, but neither of the charges present any claim of discrimination on the basis of a disability.  Plaintiff did not mark the box for discrimination based on disability on either of his EEOC charges.  "Although [a plaintiff's] failure to mark the box for [disability] discrimination is not dispositive, it certainly creates a presumption that [he] was not asserting claims represented by the boxes not checked."[29]  A plaintiff may rebut that presumption by describing the alleged discrimination or retaliation in the text of his claim.[30]  But Plaintiff has not done so here because his narrative does not set forth an ADA discrimination claim.  While Plaintiff mentioned the

---

[27]42 U.S.C. § 12112(a).

[28]*Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007).

[29]*Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998).

[30]*Id.*

ADEA and Title VII claims in the narrative portion of his charge, he does not make any mention of the ADA.

Nor does Plaintiff describe any conduct that a reasonable reader would understand as an assertion of a discrimination claim based on any disability.  In his November 30, 2010 charge, after stating that he was "required to perform assignments not required of white or black employees of the same age or younger (extra work, wrong products, no product, material handling, press operator duties),"[31]  Plaintiff then lists examples of alleged discriminatory conduct.  In his second example, Plaintiff states: "On or about August 31, 2010, upon my return to work after an auto accident, my employer required me to perform the most strenuous part of my normal job duties."[32]  Plaintiff, however, does not talk about any injury, let alone a disability, and a reasonable reader would understand this to describe an instance of when his employer "required [him] to perform assignments not required of white or black employees of the same age or younger."  Even if this statement does relate to a disability claim, this vague example in the narrative portion of his first EEOC charge is not enough to overcome the presumption that he "was not asserting claims represented by the boxes not checked."[33]  Therefore, the Court finds that Plaintiff's ADA claim was not included in either EEOC charge and Plaintiff did not exhaust his administrative remedies against Defendant Amarr for his ADA claim.  The Court thus lacks subject matter jurisdiction over that claim.

Although Amarr did not move to dismiss Plaintiff's ADA claim in its motion to dismiss,

---

[31]Doc. 16, Ex. B.

[32]*Id.*

[33]*See Gunnell*, 152 F.3d at 1260.

under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[34]  Thus, because the Court lacks subject matter jurisdiction, the Court *sua sponte* dismisses Plaintiff's ADA claim against Defendant Amarr.

### D.      Lack of Jurisdiction Based on Sovereign Immunity

Besides his employment discrimination claims, Plaintiff includes one other claim in his Complaint.  In this last claim, Plaintiff states that "Defendants conspired 'under color of law' to violate Plaintiff's rights."[35]  Defendant State of Kansas moves to dismiss Plaintiff's last claim for lack of jurisdiction based on Eleventh Amendment immunity.  Defendant Holder moves to dismiss the claim based on the sovereign immunity of the federal government.

### 1.      Eleventh Amendment Sovereign Immunity

The Supreme Court has repeatedly explained that the Constitution does not contemplate federal jurisdiction over suits against unconsenting states.[36]  Under the Eleventh Amendment, states are immune from suit in federal court, even by its own citizens, "unless (1) the state consents to the suit, or (2) Congress validly abrogates the states' immunity."[37]

Plaintiff does not indicate under which statute he brings his claim but the Court could construe Plaintiff's conspiracy claim as one under 42 U.S.C. § 1983, which involves "a conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of

---

[34]Fed. R. Civ. P. 12(h)(3).

[35]Complaint, Doc. 1 at 3.

[36]*Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *Hill v. Kemp*, 478 F.3d 1236, 1255–56 (10th Cir. 2007).

[37]*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996); *Nelson v. Geringer*, 295 F.3d 1082, 1096 (10th Cir. 2002).

state law,"[38] or under 42 U.S.C. § 1985, which involves a conspiracy to violate a citizen's rights motivated by "'some racial or otherwise class-based discriminatory animus.'"[39]  The State of Kansas has not consented to suit under §§ 1983 or 1985, nor has Congress abrogated the states' immunity from those suits.[40]  Thus, sovereign immunity shields Defendant State of Kansas from this claim, and the Court dismisses Plaintiff's conspiracy claim against Defendant State of Kansas for lack of subject matter jurisdiction.

## 2.    Sovereign Immunity for United States

Similar to Eleventh Amendment immunity for states, sovereign immunity shields the United States, its agencies, and its employees from suit.[41]  Waiver of sovereign immunity is a jurisdictional prerequisite to suits against the United States, its agencies, or its employees.[42]  The United States has not waived sovereign immunity for causes of action brought under §§ 1983 and 1985.[43]  As such, Plaintiff's civil rights claim fails to provide a valid jurisdictional prerequisite for this action.

Even construing Plaintiff's claim against Defendant Holder as one under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*,[44] the Court still lacks jurisdiction.

---

[38]*Dixon v. City of Lawton, Okla.*, 898 F.2d 1443, 1449 n.6 (10th Cir. 1990).

[39]*Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

[40]*Winters v. Kan. Dep't of Soc. & Rehab. Servs.*, No. 10-2181-JAR-DJW, 2011 WL 166708, at *9 (D. Kan. Jan. 19, 2011) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989)*; Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 & n.13 (10th Cir. 1998)).

[41]*FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

[42]*Id.*

[43]*See Affliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *Brooks v. Graber*, No. 00-2262-DES, 2000 WL 1679420, at *8 (D. Kan. Nov. 6, 2000).

[44]403 U.S. 388 (1971).

*Bivens* only applies to create a cause of action against federal officials sued in their individual capacities; claims against federal officials in their official capacity are not permitted under *Bivens*.[45]  There is no indication in the Complaint—or in any of Plaintiff's briefs—that he is suing Defendant Holder in his individual capacity.  And so, the conspiracy claim cannot be one under *Bivens*.  Thus, Defendant Holder is immune from suit, and the Court must dismiss Plaintiff's conspiracy claim against Defendant Holder for lack of subject matter jurisdiction.

## III.    Failure to State a Claim

The remaining Defendants, City of Lawrence and Defendant Amarr, also move to dismiss Plaintiff's conspiracy claim, citing Federal Rule of Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### A.    Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[46]  Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[47]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[48] but requires

---

[45]*See Farmer v. Perrill*, 275 F.3d 958, 963 (2001) ("[A]ny action that charges such an official with wrongdoing while opereateing in his or her official capacity s a United States agent operates as a claim against the United States.").

[46]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[47]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[48]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

more than "a sheer possibility."[49]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[50] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[51]  *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[52]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[53]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[54]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[55]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[49]*Id.*

[50]550 U.S. 544 (2007).

[51]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

[52]*Id.* (citing *Twombly*, 550 U.S. at 556).

[53]*Iqbal*, 556 U.S. at 678.

[54]*Id.* at 678–79.

[55]*Id.* at 679

misconduct alleged."[56]

Additionally, as explained above, because Plaintiff proceeds *pro se*, his pleadings are to be construed liberally and not held to the standard applied to an attorney's pleadings.[57]

### B.  Factual Allegations

Although vaguely and disjointedly described in Plaintiff's Complaint, the following is the Court's liberal construction of Plaintiff's allegations.[58]

Based on Plaintiff's race, religion, disability, and age, Defendants terminated Plaintiff's employment and failed to hire or promote Plaintiff or accommodate Plaintiff's disability. Defendants also retaliated against and harassed Plaintiff and used the Employee Polygraph Protection Act to conceal harassment and threats by other employees and ignored the exceptions to the Employee Polygraph Protection Act.  The discrimination was also the result of the failure to enforce laws that protect rights.  As of the date of the filing of the Complaint, Defendants continue to harass Plaintiff at home and in finding employment.

Defendants also conspired under the color of law to violate Plaintiff's rights.  Territorial Headquarter's of Salvation Army sent an e-mail to Plaintiff by mistake, which advised its Lawrence, Kansas office how to react to Plaintiff's harassment.  The City of Lawrence then used its influence to censor the harassment and proceed to slander and libel Plaintiff.  The City of Lawrence did this to make it appear Plaintiff was chronically homeless.  Defendants State of

---

[56]*Id.* at 678.

[57]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[58]Plaintiff describes numerous other factual allegations in his briefing for these motions, but the Court must only look to the factual allegations in the Complaint when determining whether a claim should be dismissed for failure to state a claim upon which relief can be granted.  *See Iqbal*, 556 U.S. at 678.

16

Kansas and Holder then ignored Plaintiff's formal complaints and thereby consented to City of Lawrence's actions.

Lastly, Defendant Amarr required Plaintiff to perform a more extensive workload after his rear-end car accident and again after a slip and fall at work.

### C.    Discussion

### 1.    Conspiracy Under the Color of Law

Construing Plaintiff's allegations liberally, the Court views Plaintiff's conspiracy claim as a claim under 42 U.S.C. § 1983 or 42 U.S.C. § 1985(3).  A § 1983 conspiracy claim involves "a conspiracy to deprive a plaintiff of a constitutional or federally protected right under color of state law."[59]  To state a claim for relief under § 1983, a plaintiff must allege two elements: (1) "that some person has deprived him of a federal right" and (2) "that the person who has deprived him of that right acted under color of state or territorial law."[60]  A § 1985(3) conspiracy claim involves "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[61]  Additionally, to state a claim for conspiracy under § 1985(3), a plaintiff must allege that the conspiracy was motivated by some racial or otherwise class-based discriminatory animus.[62]

Plaintiff's factual allegations in his Complaint are sparse, and the only facts that

---

[59]*Dixon v. City of Lawton, Okla.*, 898 F.2d 1443, 1449 n.6 (10th Cir. 1990).

[60]*Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

[61]*Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)).

[62]*Id.*

reasonably relate to the §§ 1983 or 1985(3) claim are general allegations that Defendants failed to enforce laws that protect rights, that the City of Lawrence used its influence to censor the harassment of Plaintiff and proceeded to slander and libel Plaintiff, and that Defendants State of Kansas and Holder then ignored Plaintiff's formal complaints and thereby consented to City of Lawrence's actions.  These general allegations are merely conclusory and do not "raise a right to relief above the speculative level" or contain "enough facts to state a claim to relief that is plausible on its face."  Plaintiff's Complaint does not therefore meet the pleading requirements of *Twombly* and *Iqbal.*

Additionally, the allegations, even if more than merely conclusory, do not state a claim under § 1983 or 1985(3).  Plaintiff has not alleged any discriminatory animus related to the conspiracy claim and thus, Plaintiff fails to state a § 1985(3) claim.  Plaintiff has similarly failed to identify a federal right of which Defendants deprived him.  And thus, the Court finds that Plaintiff fails to state a claim for relief under § 1983 as well.  The Court therefore dismisses Plaintiff's conspiracy claim against Defendants City of Lawrence and Amarr for failure to state a claim.

### 2.    Title VII and ADEA

After resolving Defendants' motions to dismiss, the only claims remaining are the Title VII and ADEA claims against Defendant Amarr.  Defendant Amarr has not moved to dismiss these claims.  But because Plaintiff proceeds *in forma pauperis*, the Court must use the screening procedure set out in 28 U.S.C. § 1915(e)(2) and determine if it should dismiss Plaintiff's

remaining claims.[63]  Section 1915(e)(2)(B) allows a court to dismiss a claim at any time, even without providing notice or an opportunity to respond,[64] if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  But the Court should dismiss a claim only when "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend."[65]

Plaintiff's claims under Title VII and the ADEA contain almost no facts but merely recite the elements of Title VII and the ADEA.  The only facts that are contained in the Complaint are vague and confusing.  For example, Plaintiff gives one date for all of the alleged discrimination but also states that the discrimination is ongoing, he never describes any defendant as his employer or states his dates of employment, he never points to any specific discriminatory conduct or events, and he never explains when the discrimination or retaliation occurred, who participated in the acts of discrimination, or when he was terminated.  Even liberally construing his allegations, the Court finds that under no logical construction of Plaintiff's Complaint has he stated a claim upon which relief can be granted under Title VII or the ADEA for discrimination or retaliation.

The Court, however, finds that Plaintiff may be able to cure this deficiency if given the opportunity to amend.  If Plaintiff amends the Complaint to include factual allegations instead of

---

[63]*Collier-Kinnell v. United States*, No. 10-4140-JAR, 2010 WL 4807075, at *1 (D. Kan. Nov. 17, 2010) (citing *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *2 (D. Kan. Aug. 9, 2007) (explaining that § 1915 applies to every case filed *in forma pauperis*).

[64]*Jones v. Barry*, 33 F. App'x 967, 971 (10th Cir. 2002).

[65]*Gaines v. Stenseng*, 292 F.3d 1222, 12224 (10th Cir. 2002).

19

conclusory statements and fully describes the circumstances surrounding the alleged Title VII and ADEA violations by Defendant Amarr, he may be able to state a claim upon which relief can be granted. The Court thus grants Plaintiff leave to amend his Complaint by no later than July 9, 2012.

The Court notes that leave to amend only pertains to Plaintiff's Title VII and ADEA claims against Defendant Amarr; all other claims and Defendants have been dismissed from this case. Plaintiff must include sufficient detail as to the discrimination and retaliation so that his amended complaint against Defendant Amarr does not contain only conclusory allegations of Title VII and ADEA violations but gives specific examples of discriminatory and retaliatory conduct. If Plaintiff does not file an amended complaint that meets the pleading standards by July 9, 2012, the Court will dismiss the Title VII and ADEA claims against Defendant Amarr for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Notice of Motion and Motion for Summary Judgment (Doc. 54) IS DENIED.

**IT IS FURTHER ORDERED** that Defendant City of Lawrence's Motion to Dismiss Separate Defendant City of Lawrence, Kansas (Doc. 16) is GRANTED. The Court DISMISSES WITHOUT PREJUDICE Plaintiff's Title VII, ADEA, and ADA claims against Defendant City of Lawrence for lack of subject matter jurisdiction. The Court DISMISSES WITH PREJUDICE Plaintiff's conspiracy claim against City of Lawrence for failure to state a claim.

**IT IS FURTHER ORDERED** that Defendant State of Kansas's Motion to Dismiss (Doc. 20) is GRANTED. The Court DISMISSES WITHOUT PREJUDICE all of Plaintiff's claims against Defendant State of Kansas for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant Holder's Dispositive Motion Seeking Dismissal of All Claims Against Him (Doc. 42) is GRANTED.  The Court DISMISSES WITHOUT PREJUDICE all of Plaintiff's claims against Defendant Holder for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant Amarr's Partial Motion to Dismiss (Doc. 27) is GRANTED.  The Court DISMISSES WITH PREJUDICE Plaintiff's conspiracy claim against Defendant Amarr for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's ADA claim against Defendant Amarr is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint for his Title VII and ADA claims against Defendant Amarr by July 9, 2012.  If Plaintiff does not do so by that date, the Court will dismiss those claims for failure to state a claim.

**IT IS SO ORDERED**.

Dated: June 20, 2012

                   S/ Julie A. Robinson
                  JULIE A. ROBINSON
                  UNITED STATES DISTRICT JUDGE